## Case No. 7,676.

### KELLY v. STRANGE.

[3 N. B. R. 8 (Quarto, 2).] [1]

District Court, North Carolina.[2] 1869.

BANKRUPTCY—DOWER OF WIFE—WHEN ALLOWED.

Wife of bankrupt not entitled to claim dower out of lands owned by bankrupt when he filed his petition in bankruptcy—the bankrupt being still alive.

In bankruptcy.

Wm. S. Norment and N. A. McLean, for Julia A. Kelly.

James C. McRae, for French Strange, assignee, cited Thompson v. Moses, 43 Ga. 383; Ex parte Bell, 1 Glyn & J. 282; Eberle v. Fisher, 13 Pa. St. (1 Harris) 526; Helfrich v. Obermyer, 15 Pa. St. (3 Harris) 113; Directors of the Poor v. Royer, 43 Pa. St. (7 Wright) 153; Worcester v. Clark, 2 Grant, Cas. 84, 87.

BROOKS, District Judge. This is a petition filed in this cause by Julia A. Kelly, wife of George H. Kelly, the bankrupt, in which she alleges that her said husband was, on the 30th of May, 1868, the owner of certain real estate situated in Lumberton, Robeson county, North Carolina. That on the day mentioned her said husband filed his petition in bankruptcy, upon which he was subsequently adjudged a bankrupt. That French Strange, who was appointed assignee of the estate of her husband, sold the said real estate on the 28th day of October, 1868; that in making the sale, no interest in the lands was excepted or reserved to her; she further alleges that she filed her petition before the clerk of the superior court for Robeson county, praying that her thirds in the lands might be laid off to her under the provisions of the act of the general assembly of North Carolina, of February, 1867, entitled "An act restoring to married women their common law rights of dower." She further alleges that at the said sale by the assignee it was publicly announced that she claimed

1 [Reprinted by permission.]
2 [District not given.]

her dower interest in the said lands. The petitioner concludes by praying this court to make an order that French Strange, assignee of George H. Kelly, pay to the petitioner one-third of the proceeds of said sale, in lieu of her dower interest in the same. It is not stated that the assignee sold the real estate mentioned by order of the court, as assignees may be ordered to do when lands or other property is encumbered by lien, mortgage, or the title to which may be in dispute. The court takes it for granted, therefore, that the assignee sold the land mentioned without such special order, and if so, the assignee sold only such right to the land as was vested in him by the proceedings in bankruptcy. This, then, was a sale subject to all liens or lawful encumbrances existing at the time the proceedings in bankruptcy were commenced, and I might properly decline the order the petitioner asks in this case, without determining whether the petitioner is entitled to any interest in the lands sold or not. Inasmuch, however, as it may save answering the question slightly altered from the present, I will here state my opinion as to the effect of the act of the general assembly of February, 1867, before referred to. The right of a widow to dower is well understood and defined by the common law. The common law prevailed in North Carolina until our act of assembly, which restricted the widow's right to dower to such lands only as her husband died seized and possessed of. It is a well-known principle of law, that if the common law be altered by the enactment of a statute, the repeal of such statute restores or revives the common law. It follows then that if our legislature had, instead of the act passed in February, 1867, simply in words repealed the then existing statutory provisions in regard to dower, the common law in regard to dower would have been eo instanti in force in North Carolina, and entitled every widow whose husband died after such repeal, to dower in all the lands of which he was seized during coverture, and which had not been lawfully conveyed before such repeal.

And the question now to be answered is whether the act of February, 1867, did more than merely repeal the then existing statute. It is quite clear that the legislature designed to do more, for that body not only repealed the statute, but in express words restored the common law; and not content with thus doubly restoring the common law, it enacts that a wife's dower must be laid off and distinguished from the other lands of her husband, before any sale can be made by a sheriff or other officer under execution—and this, too, in the lifetime of her husband. This was but an effort to create a new and additional exemption of property of the debtor from the execution of his creditor, and to this extent is unconstitutional and void, as to debts existing at the time of the passage of that act. As to existing debts, that section of the act which relates to the wife's dower

is not more effectual than if it had been misnamed, but had been entitled "An act to exempt certain property to a wife from execution against her husband," etc. By the act passed by the legislature in 1868, I do not see that it is made more favorable to the petitioner, for, like the act of 1867, its leading purpose is to exempt in the lifetime of the debtor, in behalf of his wife, one-third of his lands from the execution of a creditor whose debt was contracted before the passage of the act, and to that extent is unconstitutional and void. The order asked for by the petitioner is therefore refused. It is not necessary that I should express my opinion as to the rights of the petitioner in the event she should survive her husband, further than to refer to the opinion of this court in Re Jesse H. Smith [unreported], certified from the Seventh district. Let this be certified to William A. Guthrie, register.